# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JULIO CHRISTIAN,** : <br> **Plaintiff** : <br> : <br> v. : <br> : <br> **PENNSYLVANIA BOARD OF** : <br> **PROBATION AND** : <br> **PAROLE,** *et al.*, : <br> **Defendants** : | **No. 1:21-cv-288** <br><br> **(Judge Rambo)** |

## **MEMORANDUM**

On February 17, 2021, *pro se* Plaintiff Julio Christian ("Plaintiff"), who is currently incarcerated at the State Correctional Institution Rockview in Bellefonte, Pennsylvania ("SCI Rockview"), initiated the above-captioned action by filing a complaint pursuant to 42 U.S.C. § 1983 against Defendants Pennsylvania Board of Probation and Parole ("PBPP"), Louis Pacell ("Pacell"), Frederick Thomas ("Thomas"), Cindy S. Johnson ("Johnson"), Michael D. Spriggs ("Spriggs"), Michael Green ("Green"), James Ellis ("Ellis"), Catherine McVey ("McVey"), Bobby Kemper ("Kemper"), and Dianna Kalbach ("Kalbach"). (Doc. No. 1.) Plaintiff has also filed a memorandum of law (Doc. No. 2), motion for leave to proceed *in forma pauperis* (Doc. No. 3), and a copy of his prisoner trust fund account statement (Doc. No. 4). Pursuant to the Prison Litigation Reform Act of 1995

("PLRA"),[1] the Court will perform its mandatory screening of the complaint. For the following reasons, the Court will deny Plaintiff's motion for leave to proceed *in forma pauperis* and dismiss his complaint without leave to amend.

## I.     BACKGROUND

In his complaint, Plaintiff alleges that he was arrested by the Philadelphia Police Department on March 4, 2005 and charged with "a number of offenses which never happened." (Doc. No. 1 at 5.) The PBPP lodged a detainer against Plaintiff on that same date. (*Id.*) On May 5, 2005, the PBPP decided to detain Plaintiff pending the disposition of his criminal charges. (*Id.*) Plaintiff's charges were *nolle prossed* on September 15, 2006. (*Id.*) On October 25, 2006, Plaintiff received notice that the PBPP had declared him to be a technical parole violator. (*Id.*) On February 22, 2007, a "full board hearing was held," charging Plaintiff with "6-to-12 months for the violation." (*Id.*) On March 12, 2007, Plaintiff was "charged 12 months backtime as a technical parole violator." (*Id.*) He asserts that ever since then, the board has refused to reparole him and he has been held "indefinitely for over 14 years unconstitutionally since 9/15/2006, depriving him of [his] right to constitutional liberty." (*Id.*) Plaintiff suggests that the PBPP "was without jurisdiction to charge [him] with an offense where the court either found [him] not

---

[1] *See* The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

guilty or *nolle prossed* the case." (*Id.*) Plaintiff further suggests that Defendants Pacell and Thomas, the officers who arrested him, fabricated a false police report against him. (*Id.* at 7.) He avers that the other Defendants, all of whom were involved in the parole proceedings, violated his rights by acting without jurisdiction and using false charges to detain him. (*Id.* at 7-9.)

Based on the foregoing, Plaintiff appears to suggest that Defendants, acting in their official capacities, have violated numerous constitutional rights. He suggests that Defendants retaliated against him in violation of the First Amendment, demonstrated deliberate indifference in violation of the Eighth Amendment, and violated his equal protection rights under the Fourteenth Amendment. (*Id.* at 1-2.) He also raises a claim that he was falsely arrested. (*Id.* at 3.) As relief, Plaintiff requests that Defendants be "enjoined from continuing in unconstitutional policies, practice, customs, or procedures." (*Id.* at 4.) He also indicates that his "state parole must be terminated where unlawful use of backtime was predicated upon to do wrong." (*Id.*) Finally, Plaintiff seeks "return of his property with interest that was unlawfully taken by police." (*Id.*)

## II.  LEGAL STANDARDS

### A.  Screening and Dismissal of Prisoner Complaints

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or

3

officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). If a complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," the Court must dismiss the complaint. *See* 28 U.S.C. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding *in forma pauperis* and prisoners challenging prison conditions. *See* 28 U.S.C. § 1915(e)(2)(B) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The Court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted."). The United States Court of Appeals for the Third Circuit, however, has recently adopted a "flexible approach" that permits the screening of cases filed by prisoners pursuant to 28 U.S.C. § 1915A even if the prisoner has neither paid the fee nor been granted *in forma pauperis* status. *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (en banc) (noting that "a court has the authority to dismiss a case 'at any time,' 28 U.S.C. § 1915(e)(2), regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously").

A complaint is frivolous if it lacks an arguable basis either in law or fact. *See Mitchell v. Horn*, 381 F.3d 523, 530 (3d Cir. 2003) (citing *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989)). When deciding whether a complaint fails to state a claim on which relief may be granted, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See, e.g., Smithson v. Koons*, No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the

plausibility of a complaint, the court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. *See Iqbal*, 556 U.S. at 679; *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). However, the court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Based on this standard, the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." *See Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the specific context of *pro se* prisoner litigation, a district court must be mindful that a document filed *pro se* is "to be liberally construed." *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle*, 429 U.S. at 106) (internal quotation marks omitted)).

### B.  Claims Filed Pursuant to 42 U.S.C. § 1983

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials.  *See* 42 U.S.C. § 1983.  The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*Id.*  "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." *See Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)).  To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

## III.   DISCUSSION

### A.   Plaintiff's IFP Motion

The PLRA provides that the Court "shall dismiss [a case filed by a plaintiff proceeding *in forma pauperis*] at any time" if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2)(B).  The PLRA provides further:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* § 1915(g).  This "three strikes" rule "supplie[s] a powerful economic incentive not to file frivolous lawsuits or appeals."  *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314 (3d Cir. 2001).  The Third Circuit has held that

> a strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim,' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure.

*See Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013).  The United States Supreme Court recently clarified that "dismissal of a suit for failure to state a claim counts as

a strike, whether or not with prejudice." *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1727 (2020).

In his motion for leave to proceed *in forma pauperis*, Plaintiff states that he has previously brought three (3) or more actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. (Doc. No. 3 at 1.) This Court agrees. Recently, the United States District Court for the Eastern District of Pennsylvania concluded that Plaintiff had gathered three strikes, stating:

> Christian has a history of litigating meritless claims in this District as well as the United States District Court for the Middle District of Pennsylvania. *See Christian v. Municipal Officers*, M.D. Pa. Civ. A. No. 15-2342 (January 6, 2016 Memorandum Opinion and Order dismissing action without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)); *Christian v. Pennsylvania Bd. of Prob. & Parole*, M.D. Pa. Civ. A. No. 13-2432, 2014 WL 131634 (M.D. Pa. Jan. 2014) (Jan. 13, 2014 Memorandum Opinion and Order that the Amended Complaint be dismissed without prejudice as legally frivolous because it is "based on an indisputably meritless legal theory"); and *Christian v. Abraham*, Civ. A. No. 09-3007, 2009 WL 2496323 (E.D. Pa. 2009) (August 13, 2009 Memorandum Opinion and Order dismissing case as "legally frivolous").

*Christian v. City of Phila.*, No. 20-cv-1424, 2020 WL 6131243, at *1 (E.D. Pa. Oct. 19, 2020). The court concluded that these three matters qualified as strikes and that Plaintiff could, therefore, not proceed *in forma pauperis* unless he "was in imminent danger of serious physical injury at the time he brought his Complaint." *Id.* at *3.

"'Imminent' dangers are those dangers which are about to occur at any moment or are impending." *Abdul-Akbar*, 239 F.3d at 315. "By using the term 'imminent,' Congress indicated that it wanted to . . . prevent impending harms, not those harms that had already occurred." *Id.* A prisoner may "invoke the 'imminent danger' exception only to seek relief from a danger which is 'imminent' at the time the complaint is filed." *See id.* at 312. A prisoner's allegation that he faced imminent danger in the past is "an insufficient basis to allow him to proceed *in forma pauperis*." *Ball v. Famiglio*, 726 F.3d 448, 467 (3d Cir. 2013), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015).

Plaintiff suggests that he is imminent danger of serious physical injury because the "deprivations were likely to recure and that he doesn't belong in prison." (Doc. No. 1 at 1.) He argues that he will "again be subjected to the alleged illegality unless an injunction issues enjoining Defendants." (Doc. No. 3 at 3.) The Court, however, finds that the allegations in Plaintiff's complaint do not meet the imminent danger standard of § 1915(g). Plaintiff asserts that his parole was unlawfully revoked in 2007 and that he has been incarcerated ever since. (Doc. No. 1.) There are no allegations that Plaintiff is in imminent danger of serious physical injury. Accordingly, he cannot qualify for the imminent danger exception, and his motion for leave to proceed *in forma pauperis* (Doc. No. 3) will be denied.

### B. Plaintiff's Complaint

Although the Court will deny Plaintiff's motion for leave to proceed *in forma pauperis*, the Court still has the authority, as noted above, to evaluate the merits of Plaintiff's complaint at the same time. *See Brown*, 941 F.3d at 660. The Court, therefore, will do so below.

#### 1. Claims Against the PBPP

Plaintiff has named the PBPP as a Defendant in this matter. The PBPP, however, "as a state agency and arm of the state, is not a 'person' for the purposes of § 1983." *Reisinger v. Kelchner*, No. , 2010 WL 3666755, at *2 (M.D. Pa. Sept. 15, 2010). The Court, therefore, will dismiss Plaintiff's claims against the PBPP.

#### 2. Claims Seeking Return of Property

Plaintiff also seeks "return of his property with interest that was unlawfully taken by police." (Doc. No. 1 at 4.) According to Plaintiff, he is entitled to return of his 1997 Pontiac Grand Am as well as a large sum of money. (*Id.* at 10.) "If there is a process on the books that appears to provide due process, the plaintiff cannot skip that process and use the federal courts as a means to get back what [s]he wants." *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000). Moreover, "if negligent deprivations of property do not violate the Due Process Clause because predeprivation process is impracticable, it follows that intentional deprivations do

11

not violate that Clause provided, of course, that adequate state post-deprivation remedies are available." *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

In Pennsylvania, "[a] person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that [s]he is entitled to lawful possession thereof." *See* Pa. R. Crim. P. 324(a). This motion must be "filed in the Court of Common Pleas for the judicial district in which the property was seized." *See id.* In the instant case, Plaintiff does not indicate that he filed a motion for return of his property in state court, nor does Plaintiff challenge the adequacy of Pennsylvania's procedure for the return of property. Thus, he has failed to state a claim for relief pursuant to the Fourteenth Amendment's Due Process Clause. *See Gulley v. Haymaker*, No. 06-131J, 2009 WL 763549, at *12 (W.D. Pa. Mar. 23, 2009). This claim, therefore, will be dismissed without prejudice to Plaintiff's right to pursue the return of his property in state court.

### C. Plaintiff's Claims Pursuant to 18 U.S.C. §§ 241 and 242

Plaintiff vaguely suggests that Defendants' actions violated 18 U.S.C. §§ 241 and 242. (Doc. No. 2 at 2.) These statutes, however, are civil rights-related conspiracy statutes for which there is no private cause of action. *See Carpenter v. Ashby*, 351 F. App'x 684, 688 (3d Cir. 2009) ("We agree with the District Court's dismissal of the 18 U.S.C. § 241 and § 242 claims. Neither statute creates a civil

cause of action."). Accordingly, Plaintiff's claims pursuant to 18 U.S.C. §§ 241 and 242 will be dismissed.

### D. Claims Concerning False Police Report and Arrest

Plaintiff also asserts that Defendants Pacell and Thomas, the officers who arrested him, violated his rights by issuing a false police report. (Doc. No. 1 at 6-7.) Venue for Plaintiff's claims against these Defendants, however, is not proper in this district. 28 U.S.C. § 1391(b) is the venue provision for federal question cases. Section 1391(b) provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Philadelphia is located in the Eastern District of Pennsylvania. 28 U.S.C. § 118(a). 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *See* 28 U.S.C. § 1406(a). For the reasons discussed below, the Court will dismiss rather than transfer Plaintiff's claims.

In § 1983 actions, "the statute of limitations is determined by looking to the law of the state in which the cause of action arose." *Collins v. City of Phila.*, No. 16-cv-5671, 2018 WL 1980079, at *2 (E.D. Pa. Apr. 27, 2018) (citing *Wallace v. Kato*, 549 U.S. 384, 398 (2007)). In Pennsylvania, the limitations period for false arrest and false imprisonment is two (2) years. 42 Pa. Cons. Stat. § 5524(1); *Harris v. Berks Cty. Sheriff Dep't*, No. 18-cv-3086, 2018 WL 3614005, at *3 (E.D. Pa. July 26, 2018).

When a § 1983 claim accrues, however, "is a question of federal law." *Wallace*, 549 U.S. at 388. Under federal law, a plaintiff can sue as soon as the allegedly wrongful arrest occurred; therefore, the false arrest statute of limitations may run from the arrest date. *See Wallace*, 549 U.S. at 388 n.3; *Harris*, 2018 WL 3614005, at *3 (citing *Singleton v. DA Philadelphia*, 411 F. App'x 470, 472 (3d Cir. 2011)). But when, as here, the arrest is followed by criminal proceedings, the statute of limitations for the false arrest claim "begins to run at the time the claimant becomes detained pursuant to legal process," *Wallace*, 549 U.S. at 397, like an arraignment or preliminary hearing. *See Harris*, 2018 WL 3614005, at *3 n.3; *Collins*, 2018 WL 1980079, at *4. The false imprisonment statute of limitations also begins to run when a plaintiff is held pursuant to legal process. *See Gibbs v. Phila. Police Dep't*, No. 16-cv-5465, 2017 WL 4179735, at *4 (E.D. Pa. Sept. 20, 2017) (citing *Alexander v. Fletcher*, 367 F. App'x 289, 290 n.2 (3d Cir. 2010)); *see also*

14

*Wallace*, 549 U.S. at 389 ("[A] false imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges.").

Here, Plaintiff's false arrest and false imprisonment claims are well outside the two (2)-year statute of limitations. Plaintiff alleges that he was arrested on March 4, 2005, and according to the docket sheet for Plaintiff's criminal proceedings, Plaintiff had a preliminary hearing on those charges on March 15, 2005. *See Commonwealth v. Christian*, Docket No. MC-51-CR-240891-2005 (Municipal Ct. of Phila. Cty.). Thus, construed as favorably to Plaintiff as possible, the latest date on which the limitations period started to run is December 12, 2007. Because Plaintiff filed his complaint in 2021, well more than two (2) years after December 12, 2007, his claims against Defendants Pacell and Thomas are untimely and will, therefore, be dismissed.

### E. Claims Regarding Parole Revocation Proceedings

Plaintiff's complaint primarily concerns his parole revocation proceedings, which culminated in 2007. A prisoner in state custody, however, cannot use a § 1983 action to challenge the "fact or duration of his confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Thus, to the extent that Plaintiff seeks to challenge the fact or length of his confinement, or seeks parole, he must do so by filing a petition for a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Likewise, a civil rights claim for declaratory relief, such as what Plaintiff seeks here, "based on allegations . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable" under § 1983. *Edwards v. Balisok*, 520 U.S. 641, 646 (1997). "[H]arm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable under § 1983, unless the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The *Heck* doctrine apples to claims involving monetary damages as well as those seeking equitable and declaratory relief. *See Wilkinson*, 544 U.S. at 81-82. It also applies to parole board decisions. *See Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006). Thus, any decision in Plaintiff's favor that concerns Defendants' decision to revoke his parole would necessarily imply the invalidity of Plaintiff's detention, and Plaintiff cannot pursue such claims under § 1983. Accordingly, any such claims will be dismissed without prejudice.

The Supreme Court has further held, however, that claims that the parole procedures followed violated an individual's constitutional rights may be brought pursuant to § 1983. *Wilkinson*, 544 U.S. at 76. To the extent Plaintiff's complaint asserts such claims, however, they are barred by the statute of limitations. Such

claims would be akin to false imprisonment claims. *See Wallace*, 549 U.S. at 390. It is "the standard rule that [accrual of the statute of limitations occurs] when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Id.* at 384. In the instant matter, Plaintiff's parole revocation proceedings culminated on March 12, 2007, when the PBPP concluded that he was a technical parole violator and revoked his parole. Plaintiff's complaint, filed in 2021, was filed well past the expiration of the applicable two (2)-year statute of limitations. 42 Pa. Cons. Stat. § 5524(1); *see Johnson v. Mondrosch*, 586 F. App'x 871, 873 (3d Cir. 2014) (concluding same regarding claims concerning parole revocation proceedings).

In his complaint, Plaintiff suggests that Defendants "intend to continue the unconstitutional practices alleged." (Doc. No. 1 at 2.) Under the continuing violations doctrine, a plaintiff can bring suit for actions that occurred outside of the applicable limitations period if "a defendant's conduct is part of a continuing practice [and] . . . the last act evidencing the continuing practice falls within the limitations period." *Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001) (internal quotation marks and citation omitted). Time-barred claims, however, "cannot be resurrected by being aggregated and labeled continuing violations." *O'Connor v. City of Newark*, 440 F.3d 125, 129 (3d Cir. 2006). Moreover, a plaintiff

17

must allege that an affirmative act took place within the limitations period for the doctrine to apply. *Cibula v. Fox*, 570 F. App'x 129, 135 (3d Cir. 2014).

Here, it appears that the continuing violation Plaintiff seeks to rely upon is the fact that he is still incarcerated and has not yet been reparoled. Plaintiff, however, does not point to an affirmative act done by any of the named Defendants that occurred within the limitations period. Thus, Plaintiff cannot demonstrate that the continuing violations doctrine applies to render timely any of his claims concerning parole procedures. These claims, therefore, will be dismissed as time-barred.

### F. Leave to Amend

Courts are cautioned that because of the liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.* The Court must also determine that a proposed amendment would be futile if the complaint, as amended, would not

survive a motion to dismiss for failure to state a claim. *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002). Based on the discussion above, it would be futile to grant Plaintiff leave to file an amended complaint in this matter.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 3) and dismiss his complaint (Doc. No. 1) for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff will not be permitted leave to file an amended complaint. An appropriate Order follows.

s/ Sylvia H. Rambo<br>United States District Judge

Dated: February 23, 2021